UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kadri KAZANHAN,<br><br>        Petitioner,<br><br>v.<br><br>Kristi NOEM, et al.,<br><br>        Respondents. | Case No.: 26-cv-0873-AGS-SBC<br><br>**ORDER REQUIRING RETURN** |

  Petitioner Kadri Kazanhan seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

  In November 2023, Kazanhan, a "Kurdish man from Turkey," crossed into the United States, and respondents "granted" him "conditional parole by release on his own recognizance." (ECF 1, at 2.) Years later, in December 2025, he was "making an early morning delivery when he met an enlisted man who asked him to drive him home due to the inclement weather." (*Id.* at 3.) He "drove" the man to the "Camp Pendleton Marine Base" entrance; "the officer" at the gate "asked to see his identification documents"; and, because Kazanhan "did not have a green card," he was told to "pull[] over" for "some secondary questioning." (*Id.*) "Eventually ICE arrived" and detained him, and he's been in custody ever since. (*Id.*)

Kazanhan asserts that his detention violates, among other things, his "Due Process" rights and is "is unlawful ab initio." (ECF 1, at 17, 21.) Specifically, he argues that his "detention without a prior individualized determination" is unconstitutional. (*Id.* at 22.)

This challenge merits an answer. District courts have ordered petitioners released on similar grounds. *See, e.g.*, *Pablo Sequen v. Albarran*, __ F. Supp. 3d. __, No. 25-cv-06487-PCP, 2025 WL 2935630, at *5 (N.D. Cal. Oct. 15, 2025); ("[Petitioners] have demonstrated a likelihood of success on the merits of their claim that the Due Process Clause of the Fifth Amendment entitles them to a hearing before ICE may re-detain them."); *Salazar v. Casey*, No. 25-cv-2784 JLS (VET), 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (granting habeas relief because respondents failed to provide "proper notice, reasoning, and a pre-deprivation hearing," and thus "detained Petitioner . . . in violation of the Due Process Clause"); *Hyppolite v. Noem*, No. 24-cv-4304 (NRM), 2025 WL 2829511, at *7 (E.D. N.Y. Oct. 6, 2025) ("When Respondents placed [petitioner] under arrest without notice and an opportunity to be heard," and "then imprisoned him . . . without a pre-deprivation bond hearing, they violated his established right to procedural due process.").

By **Wednesday, February 18, 2026**, the government must answer the petition. Any reply by petitioner is due **Monday, February 23, 2026**, and the Court will hold a hearing on **February 27, 2026, at 10:00 a.m.**

Dated: February 12, 2026

Hon. Andrew G. Schopler
United States District Judge